# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEANNE MOORE, an individual,** | 1:19-cv-01183-LJO-SKO |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMAND (ECF No. 5)** |
| v. | |
| **CITY OF MERCED, a public entity; COUNTY OF MERCED, a public entity; CYNTHIA VASQUEZ-QUILON, an individual; NATIONAL RAILROAD PASSENGER CORPORATION, a district of Columbia Corporation; and Does 1-25 inclusive,** | |
| Defendants. | |

On June 10, 2019, Plaintiff Deanne Moore filed a Complaint in Merced County Superior Court, naming as Defendants the City of Merced ("City"), the County of Merced ("County"), Cynthia Vasquez-Quilon ("Quilon"), and the National Railroad Passenger Corporation, dba Amtrak ("Amtrak"). ECF No. 1 at ¶ 1. On July 26, 2019, Plaintiff voluntarily dismissed the City. *Id.* at ¶ 2. On July 30, 2019, Plaintiff filed a first amended complaint, again in Merced County Superior Court, this time naming only the County, Quilon, and Amtrak. *Id.* at Ex. A ("FAC"). The FAC alleges that Plaintiff was a passenger on Amtrak Train #8303 traveling through Merced, California on or about June 18, 2018, and that on that date Quilon's vehicle was stopped on the tracks and was struck by the "speeding train," causing Plaintiff to sustain serious injuries. *Id.* at p. 9 of 17.

On August 28, 2019, Amtrak removed the case to this Court, citing as the basis for jurisdiction "28 U.S.C. § 1331 [(federal question)] because Amtrak was incorporated by an Act of Congress, 45 U.S.C. § 501, *et seq.*, and the United States of America owns more than 50% of Amtrak's capital stock.

1

28 U.S.C. § 1349. *In re Rail Collision Near Chase, Maryland*, 680 F. Supp. 728, 731 (D. Md. 1987)." ECF No. 1 at ¶ 6. Amtrak asserts that, as of the date of its notice of removal, it had not been served. *Id*. at ¶ 4.

On September 27, 2019, Plaintiff moved to remand the case to state court, asserting that this case is a state law motor vehicles and premises liability action. ECF No. 5. Plaintiff first suggests that Amtrak's presence as a defendant does not justify federal question jurisdiction, arguing that "Defendant provides no proof that Amtrak was incorporated by an Act of Congress with the United States owning more than fifty percent of its shares. Even if they did, extraneous facts outside the four corners of the complaint is irrelevant for removal purposes." *Id*. at 5.

Federal question jurisdiction extends generally to congressionally incorporated corporations under 28 U.S.C. § 1331. *See Union Pacific R.R. Removal Cases*, 115 U.S. 1, 11 (1885). However, in 1925, Congress restricted the reach of federal question jurisdiction to federally chartered corporations in which the United States owns more than one-half of the capital stock. 28 U.S.C. § 1349; *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 251 (1992).

The Court takes judicial notice of the fact that Amtrak is a corporation created by an act of Congress. *See* 49 U.S.C. § 24301, *et seq*. While Plaintiff is technically correct that the record does not contain any evidence to support a finding that the United States owns more than one half of Amtrak's capital stock, courts throughout the United States routinely accept this as well-established. The Supreme Court in fact appears to have treated this as a question of <u>law</u>, not fact. *See Dep't of Transp. v. Ass'n of Am. Railroads*, 135 S. Ct. 1225, 1231 (2015) (citing 49 U.S.C. § 24302(a)(1) for the proposition that the "Secretary of Transportation holds all of Amtrak's preferred stock and most of its common stock. Amtrak's Board of Directors is composed of nine members, one of whom is the Secretary of Transportation. Seven other Board members are appointed by the President and confirmed by the Senate."); *see also Vasquez v. N. Cty. Transit Dist*., 292 F.3d 1049, 1053 (9th Cir. 2002), as amended (Aug. 7, 2002) ("Amtrak removed the case to federal court on the ground that the company is a federally

chartered corporation and the United States of America owns more than one-half the company's capital stock."); *see Ranowsky v. Nat'l R.R. Passenger Corp.*, 244 F. Supp. 3d 138, 142 (D.D.C. 2017)(citing *Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.*, 365 F.3d 1104, 1105 (D.C. Cir. 2004) ("The case is in federal court because Amtrak is a federal corporation and the federal government owns more than one-half of its stock.")). In light of the Supreme Court's interpretation of the relevant statutes, the absence of any reasonable suggestion that the facts do not support the Supreme Court's conclusion, and the widespread application of federal question jurisdiction to cases in which Amtrak is a defendant, the Court concludes United States has met its burden to establish that Amtrak does not trigger the exception to federal question jurisdiction set forth in 28 U.S.C. §1349.

Plaintiff also suggests that removal is improper because Amtrak has not demonstrated that all defendants have consented to removal. ECF No. 5 at 2. This is simply inaccurate. In its notice of removal, Amtrak indicates that all other named defendants have consented to removal. ECF No. 1 at ¶ 8. The Ninth Circuit has held that "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Interchnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). There is no dispute here that the removal was timely. Amtrak's averment that the other Defendants have consented to removal is sufficient.

Accordingly, the motion to remand is DENIED.

## **CONCLUSION AND ORDER**

For the reasons set forth above, the motion to remand is DENIED.

IT IS SO ORDERED.

Dated: **December 1, 2019**         /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

3